Receipt number AUSFCC-9274435

### IN THE UNITED STATES COURT OF FEDERAL CLAIMS

**Pietro Ciranni, Paul Brumley, Chad Schofield,
Donald Raymo, Matthew Sabo, Daniel Ghareeb,
Jay Ratermann, and Brent Roller,**

**Plaintiffs,**

24-46 C

**v.**

**The United States of America,**

**Defendant.**

### COMPLAINT

COMES NOW Plaintiffs, ("Plaintiffs"), and files this their Complaint against Defendant, the United States

of America ("Defendant"), for declaratory relief and monetary damages pursuant to 28 U.S.C. §§ 2201,

2202 and 1491 and 5 U.S.C. §§ 5545 and 5596, as follows:

### PARTIES

1.      Plaintiffs, as set forth in the caption of the instant action, are currently employees of Homeland

Security Investigations (HSI), at Detroit, Michigan.

2.      Defendant, the United States of America, through the HSI which is a department of the United

States Department of Homeland Security ("DHS"), an agency of Defendant, is or was the employer

Plaintiffs within the six years preceding the filing of the instant action with responsibility to compensate

Plaintiffs in accordance with the laws and regulations of the United States.

### JURISDICTION

3.      Jurisdiction is proper in this Court under 28 U.S.C. § 1491, 1346(a)(2), 5 U.S.C. § 5596 and 28

U.S.C. § 2501.

**FACTS**

4.      Plaintiffs are General Schedule employees, Special Agents - Criminal Investigators (1811

Classification Series), of Defendant at Detroit, Michigan, within the six years prior to the initiation of the

instant action under the amended pay system set forth by the Office of Personnel Management ("OPM")

in accordance with Classification Act of 1979.  Plaintiffs are all as follows:  Pietro Ciranni, Paul Brumley,

Chad Schofield, Donald Raymo, Matthew Sabo, Daniel Ghareeb, Jay Ratermann, and Brent Roller.

5.      Each Plaintiff, at all times relevant to this Complaint, was and continues to be assigned to a HSI

Special Response Team ("SRT").

6.      SRT members are selected for high-risk law enforcement missions.

7.      The mission of SRT is to conduct high-risk enforcement operations and other specialized duties

within the scope of its training and capabilities, safely, professionally, and in a manner that maximizes

officer and public safety.  By their very nature, SRT missions are high-risk and involve activities which

hold a greater than normal probability of injury or death to the special agents involved.

8.      SRT is a collateral duty for which Plaintiffs volunteer.  SRT personnel volunteer to go through

arduous physical training.  They volunteer to go into harm's way.  SRT personnel should receive

appropriate hazardous duty pay when they perform work functions that are expressly defined in 5 C.F.R.

Appendix A to Subpart I of Part 550, during regularly-scheduled non-LEAP hours.  It is recognized that,

pursuant to 5 U.S.C. § 5545(d), criminal investigators, such as Plaintiffs, receiving law enforcement

availability pay (LEAP) pursuant to 5 U.S.C. § 5545a, are not entitled to receive hazardous duty pay for

unscheduled duty hours credited to LEAP.

9.      OPM defines hazardous duty as "duty performed under circumstances in which an accident

could result in serious injury or death."  This includes activity that is not adequately alleviated by

protective measures such as those discussed above in HSI's investment campaign in SRT.

10.     Hazardous duty pay is additional pay to general schedule employees for the performance of hazardous duty or duty involving physical hardship.  Hazardous duty pay is payable to general schedule employees covered by Title 5 USC chapter 51, United States Code.

11.     Pursuant to 5 U.S.C. § 5545(d), special agent - criminal investigators receiving LEAP are not entitled to receive hazardous duty pay for unscheduled duty hours credited to LEAP.  In other words, HSI special agents are eligible to receive hazardous duty pay, as appropriate, only during regularly-scheduled non-LEAP hours.

12.     Specifically-designated work functions that do rate hazardous duty pay are delineated in 5 CFR Appendix A to Subpart I of Part 550.  Most of the seventy-five work functions have nothing to do with law enforcement work.  The list does include, however, one work function routinely performed by SRT personnel, and one work function performed intermittently, that do rate hazardous duty pay.  This is cited in the table below.

| Duty | Differential |
| --- | --- |
| Exposure to hazardous agents, work with or in close proximity to explosive or incendiary materials (i.e., noise-flash diversionary devices). | 25% |
| Work in unsafe structures within or immediately adjacent to a building or structure which has been severely damaged by earthquake, fire, tornado, flood, or similar cause, when the structure has been declared unsafe by competent technical authority, and when such work is considered necessary for the safety of personnel or recovery of valuable materials or equipment, and the work is authorized by competent authority (i.e., clearance of abandoned, heavily damaged structures). | 25% |

13.     While Plaintiffs frequently perform a variety of functions involving recognized hazardous duties in the list above, Plaintiffs' exposure to explosives and unsafe structures bears the basis of their claim. Noise-flash diversionary devices, also known as distraction devices, flashbangs, or stun grenades, are an SRT tool used to disorient a subject's senses.  They produce a blinding flash of light and an intensely loud bang.  SRT personnel frequently deploy them on high-risk law enforcement missions.

14.     The Bureau of Alcohol, Tobacco, Firearms, and Explosives (ATF) is the federal government's authority on explosives.  Each year, ATF updates and publishes an annual list of explosive materials. Although a diversionary device is intended to be non-lethal, per ATF it is in fact an explosive actuated device and an explosive material.  An explosive actuated device is "any tool or special mechanized device which is actuated by explosives, but not a propellant actuated device."  Explosive materials include, but are not limited to, all items in the "List of Explosive Materials" provided for in 27 CFR § 555.23." Diversionary devices deployed by SRT are manufactured by Defense Technology.  The model name is "tactical diversionary device 6.5-gram, non-reloadable & nonreloadable with safety clip."  The explosive content is 6.5 grams of "flash powder".  Thus, they meet the ATF definition of explosives.  See ATF publication 5400.8 – "List Of Explosive Materials;" including "flash powder."

15.     Given the volatility of diversionary devices, the SRT Handbook instructs special storage requirements to prevent unwanted detonation:  "Devices shall be stored in a safe and secure area. Requirements for the storage of diversionary devices will be the same as for ammunition and firearms." "Explosive placards, displaying the code 1.4D, will be posted on the door of the diversionary device storage site."  Given this policy directive, HSI has long recognized the hazardous nature of diversionary devices and thus required special storage procedures.

16.     While the standard operating procedure for most SRTs is for each special agent to carry at least one diversionary device on his/her person, personnel may be exposed to the hazard of explosives even if

they do not carry them.  For example, SRTs routinely transport a large number of personnel to a mission in a delivery vehicle.  Often twelve or more SRT personnel are in close quarters in such a vehicle.  Even if only one agent carried an explosive device on their person in such a situation, all personnel therein are exposed to the hazard of that explosive.  As another example, SRT personnel work in unusually close physical contact during the performance of high-risk law enforcement missions.  In either case, if an explosive device were to inadvertently detonate, all within close proximity would be at risk of physical harm.

17.      On the following dates, each of the Plaintiffs engaged in the identified operations which merited hazard pay differential:

| Date | Training | Op | Flashbangs | Helicopter/Roping | Dilapidated Structure | Tunnel |
|---|---|---|---|---|---|---|
| 10/1/2017 | X | | X | | | |
| 10/25/2017 | | X | X | | | |
| 10/30/2017 | | X | X | | | |
| 11/2/2017 | | X | X | | | |
| 11/6/2017 | | X | X | | | |
| 11/8/2017 | X | | X | | | |
| 11/15/2017 | X | | X | | | |
| 11/18/2017 | | X | X | | | |
| 1/10/2018 | X | | X | | | |
| 1/27/2018 | | X | X | | | |
| 1/28/2018 | | X | X | | | |
| 1/29/2018 | | X | X | | | |
| 1/30/2018 | | X | X | | | |
| 1/31/2018 | | X | X | | | |
| 2/1/2018 | | X | X | | | |
| 2/3/2018 | | X | X | | | |
| 2/4/2018 | | X | X | | | |
| 2/12/2018 | | X | X | | | |
| 2/13/2018 | | X | X | | | |
| 2/14/2018 | X | | X | | | |
| 2/20/2018 | | X | X | | | |

| | | | | | |
|---|---|---|---|---|---|
| 3/3/2018 | X | | X | | |
| 3/7/2018 | X | | X | | |
| 3/27/2018 | X | | X | | |
| 4/6/2018 | | X | X | | |
| 4/18/2018 | X | | X | | |
| 4/30/2018 | | X | X | | |
| 5/9/2018 | X | | X | | |
| 5/10/2018 | X | | X | | |
| 5/23/2018 | X | | X | | |
| 5/31/2018 | | X | X | | |
| 6/5/2018 | | X | X | | |
| 6/7/2018 | | X | X | | |
| 6/11/2018 | X | | X | | |
| 6/19/2018 | | X | X | | |
| 7/25/2018 | X | | X | | |
| 8/20/2018 | | X | X | | |
| 8/22/2018 | X | | X | | |
| 8/30/2018 | | X | X | | |
| 9/12/2018 | X | | X | | |
| 9/14/2018 | | X | X | | |
| 9/18/2018 | X | | X | | |
| 9/18/2018 | X | | X | | |
| 10/7/2018 | | X | X | | |
| 10/18/2018 | | X | X | | |
| 10/24/2018 | X | | X | | |
| 10/29/2018 | X | | X | | |
| 11/7/2018 | X | | X | | |
| 11/14/2018 | X | | X | | |
| 12/4/2018 | | X | X | | |
| 12/7/2018 | | X | X | | |
| 12/19/2018 | X | | X | | |
| 1/9/2019 | X | | X | | |
| 1/15/2019 | | X | X | | |
| 1/28/2019 | | X | X | | |
| 2/11/2019 | X | | X | | |
| 2/20/2019 | | X | X | | |
| 2/21/2019 | | X | X | | |
| 2/27/2019 | X | | X | | |
| 2/28/2019 | | X | X | | |

| | | | | | |
|---|---|---|---|---|---|
| 3/7/2019 | | X | X | | |
| 3/8/2019 | | X | X | | |
| 3/12/2019 | | X | X | | |
| 3/14/2019 | | X | X | | |
| 3/20/2019 | X | | X | | |
| 4/10/2019 | X | | X | | |
| 4/24/2019 | X | | X | | |
| 5/8/2019 | X | | X | | |
| 5/10/2019 | | X | X | | |
| 5/29/2019 | | X | X | | |
| 7/10/2019 | X | | X | | |
| 7/12/2019 | | X | X | | |
| 7/24/2019 | X | | X | | |
| 7/26/2019 | | X | X | | |
| 7/30/2019 | | X | X | | |
| 7/31/2019 | | X | X | | |
| 7/31/2019 | X | | X | | |
| 8/1/2019 | | X | X | | |
| 8/28/2019 | X | | X | | |
| 9/24/2019 | | X | X | | |
| 9/25/2019 | | X | X | | |
| 9/26/2019 | | X | X | | |
| 10/9/2019 | X | | X | | |
| 10/13/2019 | | X | X | | |
| 10/15/2019 | X | | | X | |
| 10/16/2019 | X | | | X | |
| 10/24/2019 | | X | X | | |
| 10/31/2019 | | X | X | | |
| 11/14/2019 | | X | X | | |
| 11/19/2019 | | X | X | | |
| 11/21/2019 | | X | X | | |
| 12/4/2019 | | X | X | | |
| 12/11/2019 | | X | X | | |
| 12/17/2019 | | X | X | | |

| | | | | | | |
|---|---|---|---|---|---|---|
| 12/18/2019 | X | | X | | | |
| 1/8/2020 | X | | X | | | |
| 1/13/2020 | | X | X | | | |
| 1/21/2020 | X | | X | | | |
| 2/4/2020 | X | | X | | | |
| 2/12/2020 | X | | X | | | |
| 2/19/2020 | X | | X | | | |
| 3/3/2020 | | X | X | | | |
| 3/5/2020 | X | | X | | | |
| 3/17/2020 | | X | X | | | |
| 4/27/2020 | | X | X | | | |
| 5/29/2020 | X | | X | | | |
| 6/12/2020 | | X | X | | | |
| 6/13/2020 | | X | X | | | |
| 6/14/2020 | | X | X | | | |
| 6/15/2020 | | X | X | | | |
| 6/17/2020 | X | | X | | | |
| 6/21/2020 | X | | X | | | |
| 6/22/2020 | X | | X | | | |
| 6/23/2020 | X | | X | | | |
| 6/24/2020 | X | | X | | | |
| 6/25/2020 | X | | X | | | |
| 6/30/2020 | X | | X | | | |
| 7/21/2020 | | X | X | | | |
| 7/22/2020 | X | | X | | | |
| 8/5/2020 | X | | X | | | |
| 8/11/2020 | | X | X | | | |
| 9/2/2020 | X | | X | | | |
| 9/7/2020 | X | | X | | | |
| 9/8/2020 | X | | X | | | |
| 9/9/2020 | X | | X | | | |
| 9/10/2020 | X | | X | | | |
| 9/11/2020 | X | | X | | | |
| 9/16/2020 | X | | X | | | |
| 9/22/2020 | | X | X | | | |
| 9/23/2020 | | X | X | | | |
| 9/24/2020 | | X | X | | | |
| 9/25/2020 | | X | X | | | |
| 9/26/2020 | | X | X | | | |
| 9/27/2020 | | X | X | | | |
| 10/21/2020 | X | | X | | | |

| | | | | | | |
|---|---|---|---|---|---|---|
| 10/21/2020 | X | | X | | | |
| 11/2/2020 | X | | X | | | |
| 11/2/2020 | X | | X | | | |
| 11/4/2020 | X | | X | | | |
| 11/4/2020 | X | | X | | | |
| 11/12/2020 | X | | X | | | |
| 11/12/2020 | X | | X | | | |
| 11/18/2020 | | X | X | | | |
| 12/2/2020 | X | | X | | | |
| 12/2/2020 | X | | X | | | |
| 12/14/2020 | X | | X | | | |
| 12/14/2020 | X | | X | | | |
| 12/17/2020 | | X | X | | | |
| 1/13/2021 | X | | X | | | |
| 1/13/2021 | X | | X | | | |
| 1/27/2021 | X | | X | | | |
| 1/27/2021 | X | | X | | | |
| 2/10/2021 | X | | X | | | |
| 2/10/2021 | X | | X | | | |
| 2/16/2021 | X | | X | | | |
| 2/24/2021 | X | | X | | | |
| 2/24/2021 | X | | X | | | |
| 3/4/2021 | | X | X | | | |
| 3/10/2021 | X | | X | | | |
| 3/10/2021 | X | | X | | | |
| 3/15/2021 | | X | X | | | |
| 3/24/2021 | X | | X | | | |
| 3/24/2021 | X | | X | | | |
| 3/25/2021 | | X | X | | | |
| 3/29/2021 | X | | X | | | |
| 3/29/2021 | X | | X | | | |
| 4/5/2021 | | X | X | | | |
| 4/7/2021 | X | | X | | | |
| 4/7/2021 | X | | X | | | |
| 4/12/2021 | | X | X | | | |
| 4/13/2021 | X | | X | | | |
| 4/15/2021 | | X | X | | | |

| | | | | | |
|---|---|---|---|---|---|
| 4/23/2021 | | X | X | | |
| 4/26/2021 | | X | X | | |
| 4/27/2021 | X | | X | | |
| 4/29/2021 | | X | X | | |
| 4/30/2021 | X | | X | | |
| 4/30/2021 | X | | X | | |
| 5/5/2021 | | X | X | | |
| 5/10/2021 | | X | X | | |
| 5/13/2021 | | X | X | | |
| 5/18/2021 | | X | X | | |
| 5/19/2021 | X | | X | | |
| 5/19/2021 | X | | X | | |
| 6/2/2021 | X | | X | | |
| 6/2/2021 | X | | X | | |
| 6/3/2021 | | X | X | | |
| 6/10/2021 | X | | X | | |
| 6/10/2021 | X | | X | | |
| 6/11/2021 | | X | X | | |
| 6/16/2021 | | X | X | | |
| 6/20/2021 | | X | X | | |
| 6/21/2021 | | X | X | | |
| 6/21/2021 | X | | X | | |
| 6/22/2021 | X | | X | | |
| 6/23/2021 | X | | X | | |
| 6/24/2021 | X | | X | | |
| 6/25/2021 | X | | X | | |
| 6/30/2021 | X | | X | | |
| 6/30/2021 | X | | X | | |
| 7/14/2021 | X | | X | | |
| 7/14/2021 | X | | X | | |
| 7/22/2021 | | X | X | | |
| 7/23/2021 | | X | X | | |
| 7/28/2021 | X | | X | | |
| 7/28/2021 | X | | X | | |
| 8/4/2021 | X | | X | | |
| 8/4/2021 | X | | X | | |
| 8/10/2021 | X | | X | X | |
| 8/11/2021 | | X | X | | |
| 8/17/2021 | X | | X | | |
| 8/24/2021 | | X | X | | |
| 8/25/2021 | X | | X | | |
| 8/25/2021 | X | | X | | |
| 9/22/2021 | X | | X | | |

| | | | | | |
|---|---|---|---|---|---|
| 9/22/2021 | X | | X | | |
| 10/1/2021 | X | | X | | |
| 10/1/2021 | X | | X | | |
| 10/10/2021 | | X | X | | |
| 10/20/2021 | X | | X | | |
| 10/22/2021 | X | | X | | |
| 10/27/2021 | X | | X | | |
| 11/9/2021 | X | | X | | |
| 11/16/2021 | | X | X | | |
| 12/1/2021 | X | | X | | |
| 12/3/2021 | X | | X | | |
| 12/8/2021 | X | | X | | |
| 12/9/2021 | | X | X | | |
| 12/15/2021 | X | | X | | |
| 1/6/2022 | X | | X | | |
| 1/19/2022 | X | | X | | |
| 1/28/2022 | X | | X | | |
| 2/2/2022 | | X | X | | |
| 2/8/2022 | | X | X | | |
| 2/15/2022 | | X | X | | |
| 2/16/2022 | | X | X | | |
| 2/18/2022 | | X | X | | |
| 2/24/2022 | | X | X | | |
| 3/7/2022 | X | | X | | |
| 3/16/2022 | X | | X | | |
| 3/18/2022 | X | | X | | |
| 3/24/2022 | | X | X | | |
| 3/30/2022 | X | | X | | |
| 4/4/2022 | | X | X | | |
| 4/6/2022 | | X | X | | |
| 5/11/2022 | | X | X | | |
| 5/12/2022 | | X | X | | |
| 5/25/2022 | X | | X | | |
| 6/8/2022 | | X | X | | |
| 6/14/2022 | X | | X | | |
| 6/21/2022 | X | | X | | |
| 6/22/2022 | X | | X | | |
| 7/6/2022 | | X | X | | |

| | | | | | |
|---|---|---|---|---|---|
| 7/6/2022 | X | | X | | |
| 7/7/2022 | | X | X | | |
| 7/22/2022 | X | | X | | |
| 8/9/2022 | X | | X | | |
| 8/18/2022 | | X | X | | |
| 8/23/2022 | | X | X | | |
| 9/7/2022 | X | | X | | |
| 9/20/2022 | X | | X | | |
| 9/27/2022 | | X | X | | |
| 9/28/2022 | X | | X | | |
| 10/6/2022 | | X | X | | |
| 10/12/2022 | X | | X | | |
| 10/27/2022 | X | | X | | |
| 10/27/2022 | X | | X | | |
| 11/2/2022 | | X | X | | |
| 11/9/2022 | | X | X | | |
| 11/18/2022 | X | | X | | |
| 12/1/2022 | X | | X | | |
| 12/6/2022 | | X | X | | |
| 12/7/2022 | X | | X | | |
| 1/3/2023 | X | | X | | |
| 1/6/2023 | | X | X | | |
| 1/17/2023 | X | | X | | |
| 1/18/2023 | X | | X | | |
| 1/19/2023 | | X | X | | |
| 1/25/2023 | | X | X | | |
| 2/1/2023 | X | | X | | |
| 2/2/2023 | | X | X | | |
| 2/3/2023 | | X | X | | |
| 2/7/2023 | | X | X | | |
| 2/8/2023 | | X | X | | |
| 2/13/2023 | | X | X | | |
| 2/15/2023 | X | | X | | |
| 2/16/2023 | | X | X | | |
| 2/23/2023 | | X | X | | |
| 2/28/2023 | X | | X | | |
| 3/1/2023 | | X | X | | |
| 3/2/2023 | | X | X | | |
| 3/13/2023 | X | | X | | |

| | | | | | |
|---|---|---|---|---|---|
| 3/15/2023 | | X | X | | |
| 3/23/2023 | | X | X | | |
| 3/29/2023 | X | | X | | |
| 3/30/2023 | | X | X | | |
| 4/3/2023 | | X | X | | |
| 4/12/2023 | | X | X | | |
| 4/14/2023 | | X | X | | |
| 4/17/2023 | X | | X | | |
| 4/26/2023 | X | | X | | |
| 4/28/2023 | | X | X | | |
| 5/10/2023 | X | | X | | |
| 5/18/2023 | | X | X | | |
| 5/24/2023 | X | | X | | |
| 6/7/2023 | X | | X | | |
| 6/14/2023 | X | | X | | |
| 6/24/2023 | X | | X | | |
| 6/28/2023 | | X | X | | |
| 6/29/2023 | X | | X | | |
| 7/6/2023 | X | | X | | |
| 7/10/2023 | | X | X | | |
| 7/12/2023 | X | | X | | |
| 7/17/2023 | X | | X | | |
| 7/19/2023 | X | | X | | |
| 7/28/2023 | | X | X | | |
| 8/2/2023 | X | | X | | |
| 8/8/2023 | | X | X | | |
| 8/16/2023 | X | | X | | |
| 8/29/2023 | X | | X | | |
| 8/30/2023 | X | | X | | |
| 9/11/2023 | X | | X | | |
| 9/12/2023 | X | | X | | |
| 9/13/2023 | X | | X | | |
| 9/14/2023 | X | | X | | |
| 9/15/2023 | X | | X | | |
| 9/21/2023 | X | | X | | |
| 9/22/2023 | | X | X | | |
| 9/27/2023 | X | | X | | |
| 10/11/2023 | | X | X | | |
| 10/11/2023 | X | | X | | |
| 10/25/2023 | X | | X | | |

| | | | | | | |
|---|---|---|---|---|---|---|
| 11/14/2023 | X | | X | | | |
| 11/15/2023 | | X | X | | | |
| 11/28/2023 | | X | X | | | |

18.     Plaintiffs have not received compensation for their work with or in close proximity to explosive or incendiary materials, or unsafe structures.

19.     5 U.S.C. § 5545 provides for hazard pay differential for GS employees.

20.     5 U.S.C. § 5545 provides that the "[OPM] shall establish a schedule or schedules of pay differentials for duty involving unusual physical hardship or hazard" of up to 25% of the basic rate of pay where the employees' classification does not take into account the degree of physical hardship or hazard involved in the performance of the duties thereof.

21.     Moreover, 5 C.F.R. 550.905 provides that "when an employee performs a duty for which a hazard pay differential is authorized, the agency **must** pay the hazard pay differential for the hours in the pay status on which the duty is performed…".

22.     The categories of hazards for which a hazard pay differential is authorized and must be paid for GS employees under 5 U.S.C. § 5545 are set forth in 5 C.F.R. Part 550, Subpart I, Appendix A.

23.     5 C.F.R. Part 550, Subpart I, Appendix A provides for hazard pay differential of 25% for "Exposure to Hazardous Agents, work with or in close proximity to explosive or incendiary materials (i.e., noise-flash diversionary devices), and unsafe structures.

24.     The hazard pay differential to which Plaintiffs are entitled were not included in Plaintiffs' salaries over the six years preceding the instant action, except for Plaintiff Pietro Ciranni, who received such pay for a number of months in 2023.

**CAUSE OF ACTION FOR BACK PAY AND HAZARD PAY**

25.     Plaintiffs incorporate by reference the allegations contained in paragraphs 1-24.

26.     Plaintiffs' work with or in close proximity to explosive or incendiary materials constitutes an unusual physical hardship or hazard and unusually severe working condition or severe hazard for which compensation is required under 5 U.S.C. §§ 5545.

27.     Plaintiffs are entitled to hazard pay differential of 25% of their base rate of pay for each day in which they, over the past six years, worked with or in close proximity to explosive or incendiary materials and unsafe structures, but were not paid the hazard pay differential.

28.     Finally, Plaintiffs are entitled to an award of interest on the hazard pay, as well as attorneys fees.

WHEREFORE, Plaintiffs pray that:

1.      the Court issue a judgment declaratory that Plaintiffs worked with or in close proximity to explosive or incendiary materials and unsafe structures, entitling them to receive hazard pay differentials under 5 U.S.C. § 5545;

2.      the Court enter a judgment declaring that Defendant has violated its statutory obligations and deprived each of the Plaintiffs of their rights, protections and entitlements under law;

3.      they be awarded the hazard pay differential and additional contributions to their Retirement Plans to which they are entitled;

4.      they be awarded attorneys' fees in bringing the instant action to give effect to their rights under the laws of the United States;

5.      they be awarded interest on the additional compensation to which they are entitled;

6.      they be awarded all costs in bringing the instant action;

7.      for all other relief as deemed just and proper by the Court; and

8.      a trial be had by jury on all issues presented herein.

RESPECTFULLY SUBMITTED, this 3rd day of January 2024.

<u>s/Lawrence Berger</u>
Lawrence Berger, Esq.
Attorney for the Plaintiff

Mahon & Berger, Esqs.
70 Glen Street, Suite 249
Glen Cove, NY 11542
Tel:  516-671-2688
Fax:  516-671-1148
EMail:  lberger@lbfedlaw.com